THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:19-cv-229

| | |
|---|---|
| SUSAN HYATT CALL, an Individual ) | |
| ) | **NOTICE OF REMOVAL** |
| Plaintiff, ) | |
| ) | Formerly 18CVS00322 |
| v. ) | Swain County |
| ) | Superior Court Division |
| NORTH CAROLINA FARM BUREAU ) | |
| MUTUAL INSURANCE COMPANY, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, FARM SERVICE ) | |
| AGENCY (FSA), ) | |
| ) | |
| Third-Party Defendant. ) | |

COMES NOW the United States of America on behalf of the named Defendant federal agency, the United States Department of Agriculture, Farm Service Agency ("United States") by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and pursuant to 28 U.S.C. §§ 2410, 1441, 1442(a), 1444, and 1446, hereby makes this limited appearance and removes to the United States District Court for the Western District of North Carolina, Asheville Division, the action styled *Susan Hyatt Call v. North Carolina*

1

*Farm Bureau Mutual Insurance Company v. United States Department of Agriculture, Farm Service Agency,* 18CVS00322, which was filed in the Superior Court for Swain County, North Carolina.

In accordance with 28 U.S.C. § 1446(a), the United States provides the following short and plain statement of the grounds for removal:

1. On November 16, 2018, Plaintiff Susan Hyatt Call ("Plaintiff") commenced this action by filing a document titled Verified Complaint and Jury Demand in the Superior Court of Swain County, North Carolina ("Superior Court action"). (Attached hereto as Exhibit A.1.). The United States was not named as a party to the Superior Court action. In the Superior Court action, Plaintiff alleges that she is entitled to additional insurance proceeds from Defendant North Carolina Farm Bureau Mutual Insurance Company's ("Defendant") on the dwelling covereage of a homeowners' insurance policy.

2. On or about May 16, 2019, Superior Court Judge Nathan Poovey granted the Defendant's motion to add the United States as a party to the lawsuit. (Attached hereto as Exhibit A.2.).

3. Thereafter, on June 17, 2019, Defendant filed a third-party complaint in the Superior Court action against the United States. *See* Exhibit A (the "Complaint"). The third-party Complaint is in the nature of an interpleader action and alleges that the United States is listed on the applicable insurance policy as a

2

Case 1:19-cv-00229-MR-WCM   Document 1   Filed 07/26/19   Page 2 of 8

named mortgagee and has a direct legal interest in the insurance proceeds payabe on the dwelling coverage. *See id.* at ¶ 2. A jury demand was made in the Complaint.

4. On or about June 27, 2019, the United States, through the Office of General Counsel for the USDA, received a copy of the Complaint.

5. On or about June 27, 2019, the Office of the United States Attorney for the Western District of North Carolina received a copy of the Complaint.

6. On or about July 12, 2019, the Office of the United States Attorney for the Western District of North Carolina notification of the pending action from the USDA.

7. Federal court jurisdiction for the removal of this action is based upon two independent grounds:

    a. First, 28 U.S.C. § 1442 provides in pertinent part that:

(a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof . . . ;

28 U.S.C. § 1442(a)(1).

    b. The Complaint names the United States Department of Agricultre/Farm Service agency, an agency of the United States, as the defendant. Thus, removal is proper under 28 U.S.C. § 1442(a)(1).

c. Second, 28 U.S.C. § 1444 provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States . . ." In turn, 28 U.S.C. § 2410(a)(5) provides that the United States is a proper party to any civil action "of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortage or other lien."

d. The third-party Complaint is in the nature of an interpleader action and alleges that the United States is listed on the applicable insurance policy as a named mortgagee and has a direct legal interest in the insurance proceeds payabe on the dwelling coverage. *See, e.g.* Complaint at ¶¶ 2, 8, 22-24. Thus, removal is proper under 28 U.S.C. § 1444.

8. Removal is timely. This Notice of Removal is filed within 30 days after receipt by the United States of a copy of the Complaint and summons.

9. Notably, it does not appear that service of process has been perfected on the federal government. Rule 4(i)(1) of the Federal Rules of Civil Procedure sets forth the procedure for effecting service of process on the United States, and provides that service of process upon the United States is made by taking the following steps:

> . . . deliver[ing] a copy of the summons and complaint to the United States attorney for the district where the action is brought . . . or [by]

> send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] . . .
>
> Send[ing] a copy of each [summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A)-(B). And to serve a United States agency or corporation, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

10. The undersigned has not received any information indicating that the Attorney General of the United States ever received a copy of the Summons and Complaint, thus further supporting the timeliness of the removal. *See King v. United Way of Central Carolinas, Inc.,* No. 3:-09-CV-164-MDR, 2009 WL 2426303 at *3 (W.D.N.C. Aug. 5, 2009) (holding that a defendant may remove an action prior to perfection of service of process, noting "the fact that this time period had not yet begun to run does not prohibit the defendant from exercising his right to remove.").

11. The undersigned's appearance in this case should not be construed as a waiver of service. By filing this Notice of Removal, the United States does not waive its right to file a responsive pleading, including a motion to dismiss, or to assert any defenses or objections, including insufficiency of service or service of process, sovereign immunity, lack of subject matter jurisdiction, statute of

limitations, or other defenses or counterclaims, including those enumerated in Rules 12(b) of the Federal Rules of Civil Procedure.

12. A copy of this Notice of Removal will be promptly filed in case file number No. 18CVS00322 in the Superior Court for Swain County, North Carolina, and notice will be provided to all parties via U.S. Mail at the addresses indicated in the state court pleadings, including service of the documents required by Local Rule 73.1.

**WHEREFORE,** this action previously pending in the Superior Court for Swain County, North Carolina and identified as *Susan Hyatt Call v. North Carolina Farm Bureau Mutual Insurance Company v. United States Department of Agriculture, Farm Service Agency,* 18CVS00322, is hereby removed to the United States District Court for the Western District of North Carolina.

This the 26th day of July, 2019.

Respectfully submitted,

R. ANDREW MURRAY
UNITED STATES ATTORNEY

<u>/s/ Seth Johnson</u>
J. Seth Johnson
NC Bar No. 53217
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 338-3159
Email: seth.johnson@usdoj.gov

7

CERTIFICATE OF SERVICE

I CERTIFY that I have served a copy of the foregoing through the Court's ECF electronic notification system and by copy via U.S. Mail to:

David A. Sawyer, Esq.
P.O. Box 1927
Bryson City, North Carolina 28713
*Attorney for Plaintiff Susan Hyatt Call*

R. Scott Brown, Esq.
P.O. Box 1729
Raleigh, North Carolina 27602-1729
*Attorney for Defendant/Third-Party Plaintiff North Carolina Farm Bureau Mutual Insurance Company*

This the 26th day of July, 2019.

/s/ Seth Johnson
J. Seth Johnson