# EXHIBIT A

# STATE OF NORTH CAROLINA

SWAIN _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff** | |
| SUSAN HYATT CALL, c/o David A. Sawyer, Esq. | |
| **Address** | |
| PO Box 1927 | **CIVIL SUMMONS** |
| **City, State, Zip** | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| Bryson City     NC     28713 | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| **Name Of Defendant(s)** | **Date Original Summons Issued** |
| NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY - Defendant/Third-Party Plaintiff | |
| | **Date(s) Subsequent Summons(es) Issued** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY (FSA) - Third-Party Defendant | |

**To Each Of The Defendant(s) Named Below:**

| **Name And Address Of Defendant 1** | **Name And Address Of Defendant 2** |
|---|---|
| United States Dept. of Agriculture, Farm Service Agency (FSA) | U.S. Attorney for the Western District of N.C. |
| North Carolina State FSA Office | U.S. Attorney's Office |
| 4407 Bland Road, Ste. 175 | 100 Otis Street |
| Raleigh     NC     27609 | Asheville     NC     28801 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 dias. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)** | **Date Issued** 6/18/19    **Time** 4:50 ☐ AM ☒ PM |
| R. SCOTT BROWN | |
| BROWN CRUMP VANORE & TIERNEY, LLP | **Signature** Barker |
| PO Box 1729     Phone: (919)-890-4483 | |
| Raleigh     NC     27602 | ☐ Deputy CSC    ☒ Assistant CSC    ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)** | **Date Of Endorsement**     **Time**    ☐ AM ☐ PM |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Signature** |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA    FILED IN THE GENERAL COURT OF JUSTICE
                                            SUPERIOR COURT DIVISION
COUNTY OF SWAIN            2019 JUN 18  P 4:50       18 CVS 00322

SUSAN HYATT CALL, an Individual  SWAIN CO., C.S.C.

                    BY___ Plaintiff, _____

        v.                          )
                                    )
NORTH CAROLINA FARM BUREAU          )
MUTUAL INSURANCE COMPANY, a North   )      **DEFENDANT/THIRD PARTY**
Carolina Insurance Company,         )      **PLAINTFF NORTH CAROLINA**
                                    )      **FARM BUREAU MUTUAL**
        Defendant/Third-Party Plaintiff, )  **INSURANCE COMPANY'S THIRD-**
                                    )      **PARTY COMPLAINT**
        v.                          )
                                    )
UNITED STATES DEPARTMENT OF         )
AGRICULTURE, FARM SERVICE           )
AGENCY (FSA),                       )      **COPY**
                                    )
        Third-Party Defendants.     )

---

**NOW COMES** the Defendant/Third-Party Plaintiff North Carolina Farm Bureau Mutual

Insurance Company (hereinafter "Farm Bureau"), through its attorney and pursuant to Rules 14,

19, 20, and 22 of the N.C. Rules of Civil Procedure, and states as follows:

## NATURE OF THE ACTION

1. The Plaintiff has filed a Complaint in this proceeding against Defendant/Third-Party

   Plaintiff, North Carolina Farm Bureau Mutual Insurance Company, attached hereto as

   **Exhibit 1** and which is incorporated herein by reference.

2. In her Complaint, the Plaintiff alleges, among other things, that she is entitled to

   additional insurance proceeds from Defendant/Third-Party Plaintiff Farm Bureau on the

   dwelling coverage of a Homeowners' policy of insurance.  Third-Party Defendant United

   States Department of Agriculture Farm Service Agency ("FSA") is listed on the

1

applicable policy as a named Mortgagee and as such, has a direct legal interest in any insurance proceeds, payable on the dwelling coverage.

3. The Defendant/Third-Party Plaintiff Farm Bureau responded to the Plaintiff's Complaint with a Motion to Dismiss, a Motion to Add Party, a formal Answer, and a Counterclaim.

4. Upon Motion and hearing before the Superior Court, the Defendant/Third-Party Plaintiff Farm Bureau was granted leave to file a Third-Party Complaint against the FSA of the United States Department of Agriculture by Order filed, in Swain County, on 23 May, 2019, by the Honorable Nathaniel Poovey. A copy of that Order is attached as **Exhibit 2**.

## THE PARTIES

5. The Plaintiff is a citizen and resident of Swain County, North Carolina.

6. The Defendant/Third-Party Plaintiff is an insurance company operating within North Carolina.

7. The Third-Party Defendant FSA is an agency Division of the United States Department of Agriculture that delivers various Federal agricultural programs for citizens of the United States, and in Swain County, North Carolina. Particularly, the FSA provides credit to agricultural producers who may be unable to receive private, commercial credit.

8. The Third-Party Defendant FSA is a necessary and/or proper party to the full adjudication of the issues raised in this litigation as they had at the time of the fire that is the subject of the Plaintiff's Complaint, and still have, a Real Estate Deed of Trust for North Carolina on the property that is the subject of this lawsuit at 1211 Fontana Road, Bryson City, North Carolina. This secured interest is evidenced by the attached recorded Deed of Trust in Swain County, North Carolina in the favor of the United States of America, acting through the FSA, in an amount over Seven Hundred Thousand Dollars

($700,000.00). That Deed of Trust is attached as **Exhibit 3** to this Third-Party Complaint.

9. The FSA is named as second Mortgagee on the Homeowner's policy of Insurance which is the subject of this lawsuit and, under the provisions of the policy and the law of North Carolina, the FSA has a direct legal interest and right to any proceeds payable under the dwelling coverage of the Farm Bureau insurance policy.

## FACTS

10. The Defendant/Third-Party Plaintiff re-alleges and incorporates herein by this reference the allegations of Paragraphs 1-9 hereinabove as if set forth in full.

11. The Defendant/Third-Party Plaintiff instituted this Third Party action to ensure that it makes the correct payments to the proper parties on the dwelling. In light of the conflicting or potentially conflicting claims of the Plaintiff and Third-Party Defendant as a named Mortgagee, the Defendant/Third-Party Plaintiff Farm Bureau is or may be subject to multiple liabilities with respect to the Proceeds.

12. On 31 May, 2016, Defendant/Third-Party Plaintiff Farm Bureau issued to Plaintiff a written Homeowners' Insurance Policy HP #6132231 with a limit of possible liability on the dwelling coverage in the face amount of Seven Hundred Thirty-Eight Thousand Dollars ($738,000.00) insuring the real property at 1211 Fontana Road, Bryson City, North Carolina. A copy of the Declarations Page of the subject policy is attached as **Exhibit 4**, and incorporated by reference.

13. Pursuant to HP #6132231, the first named Mortgagee was Randolf G. Perkins, 455 Jakes Gap Road, Bryson City, NC 28713-8028, and the second named Mortgagee is Farm Service Agency, 189 Thomas Heights Road, Franklin, NC, 28734-9799.

3

14. On 18 November, 2016, while the subject policy of insurance was in full force and effect, the above-mentioned real property at 1211 Fontana Road, Bryson City, North Carolina, was destroyed by fire.

15. Farm Bureau has previously paid about One Hundred Sixty Thousand Dollars ($160,000.00) to the Plaintiff Call and Third-Party Defendant FSA as undisputed dwelling funds. That amount has been negotiated, and upon information and belief, there is a dispute between the Plaintiff Call and Third-Party Defendant FSA regarding the division of those funds.

16. The entire amount of the first Mortgage has been paid and, in addition to the previously mentioned One Hundred Sixty Thousand Dollars ($160,000.00), additional amounts of approximately Two Hundred Eighty-One Thousand Dollars ($281,000.00) in dwelling coverage have been tendered to the Plaintiff Call and Third-Party Defendant FSA, but that amount of $281,000.00 has not been negotiated by the parties. Upon information and belief, a dispute exists as how those the funds are to be used and/or distributed.

17. The amount secured by the subject Deed of Trust for Mortgagee Farm Service Agency is over Seven Hundred Thousand Dollars ($700,000.00).

18. In addition to the amounts already tendered on the dwelling, upon information and belief, the Plaintiff alleges that she is still entitled to additional dwelling proceeds under the applicable insurance policy HP #6132231.

## FIRST CAUSE OF ACTION

19. The Defendant/Third-Party Plaintiff re-alleges and incorporates herein by this reference the allegations of Paragraphs 1-18 hereinabove as if set forth in full.

4

20. Under the applicable insurance policy HP #6132231 and the allegations of the Plaintiff's Complaint, the FSA may be entitled to insurance proceeds payable under policy HP #6132231 on the dwelling.

21. The Defendant/Third-Party Plaintiff Farm Bureau has paid dwelling proceeds of approximately $281,000.00 under the subject insurance policy, which has not been negotiated, and, upon information and belief, that distribution is in dispute by and between the Plaintiff Call and the Third-Party Defendant FSA. In addition to that amount, The Defendant/Third-Party Plaintiff alleges that, if ordered to pay any additional amount under the applicable dwelling coverage, the FSA should be included on such payment, as the named Mortgagee.

22. The FSA is a real party in interest with regards to what, if any, dwelling proceeds under this applicable are due and owing and how such funds are distributed.

23. Pursuant to N. C. R. Civ. P. 22, this Court is empowered to enjoin any claimant from filing a separate lawsuit relating to the distribution of insurance proceeds, and to discharge Defendant/Third-Party Plaintiff Farm Bureau from any further liability relating to the proceeds and/or the insurance policy.

24. The Defendant/Third-Party Plaintiff is entitled to have this Court adjudicate the competing claims, or potentially competing claims of the Plaintiff and Third-Party Defendant FSA, and to establish the Defendant/Third-Party Plaintiff's legal obligations to the parties with finality, regarding the dwelling payments.

**WHEREFORE**, the Defendant/Third Party Plaintiff, North Carolina Farm Bureau Insurance Company, respectfully prays the Court as follows:

1. That the Court hear and determine the claims of the Defendant/Third-Party Plaintiff and the Third-Party Defendant Farm Service Agency and adjudicate the respective

rights of the Parties to and under the applicable Insurance Policy regarding the dwelling proceeds.

2.    That the costs of this action be taxed against the Plaintiff and/or the Third-Party Defendant Farm Service Agency.

3.    For a **TRIAL BY JURY** on all issues so triable.

4.    For such other relief as the Court may deem just and proper and as to the legal rights between Plaintiff, Defendant/Third-Party Plaintiff, and Third-Party Plaintiff Farm Service Agency.

This the 17th day of June, 2019.

**BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**

BY: _R. Scott B_

R. SCOTT BROWN
N.C. State Bar No.: 13435
Post Office Box 1729
Raleigh, North Carolina 27602-1729
Telephone: 919-835-0909
Facsimile: 919-835-0915
Email: sbrown@bcvtlaw.com
*Attorney for Defendant and Third Party Plaintiff N.C. Farm Bureau Insurance Company*

6

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing document was served on the following parties to this action by: ( ) Federal Express ( ) hand delivery () email (✓) by depositing a copy of the same in the United States Mail postage prepaid and addressed to:

David A. Sawyer, Esquire
Attorney at Law
P.O. Box 1927
Bryson City, NC 28713
dasawyer13@msn.com
*Attorney for Plaintiff*

This the 17th Day of June, 2019.

BROWN, CRUMP, VANORE & TIERNEY, L.L.P.

BY: _____ (OBO RSB)

R. SCOTT BROWN
N.C. State Bar No.: 13435
Post Office Box 1729
Raleigh, North Carolina 27602-1729
Telephone: 919-835-0909
Facsimile: 919-835-0915
Email: sbrown@bcvtlaw.com
*Attorney for Defendant*

7

# Exhibit 1

## Plaintiff's Complaint Against N.C. Farm Bureau Mutual Insurance Company

STATE OF NORTH CAROLINA

SWAIN COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE# 18 CVS 322

SUSAN HYATT CALL,
an individual,

Plaintiff,

v.

NORTH CAROLINA FARM BUREAU MUTUAL
INSURANCE COMPANY, a North Carolina
insurance company,

Defendant.

2018 NOV 16 P 3: 36

SWAIN CO., C.S.C.

BY ____ EP ____

/

## VERIFIED COMPLAINT and JURY DEMAND

**Now Comes Plaintiff,** Susan Hyatt Call, by and through Counsel, and for her Complaint against Defendant, states as follows:

1. Plaintiff, Susan Hyatt Call, is a citizen and resident of the County of Swain, State of North Carolina.

2. Defendant, North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau"), is a duly registered insurance company operating within the State of North Carolina.

3. Plaintiff purchased a house in the County of Swain, State of North Carolina, said house being located at 1211 Fontana Road, Bryson City, North Carolina.

4. Upon purchase of the house, Susan Hyatt Call approached Defendant regarding the purchase of fire insurance for the house described in Paragraph 3 above.

5. Defendant indicated that the above mentioned house could be insured with a fire insurance policy with North Carolina Farm Bureau Insurance Company.

6. Payment was timely tendered to Defendant, Farm Bureau, said payment to cover the premium associated with the insurance coverage.

7. The abovementioned amount was accepted by Defendant, Farm Bureau, as full

1

payment for the premium for fire insurance on the abovementioned house.

8.   Coverage was bound by Farm Bureau and insurance was provided.

9.   Thereafter, Plaintiff was informed that the insurance policy was renewed in mid-year 2016.

10.  The abovementioned policy was effective and in good standing as of November 18, 2016.

11.  On or about November 18, 2016, the above mentioned house was destroyed by fire.

12.  As a result of the above mentioned fire, Plaintiff permanently lost the use of this house. At the time of the above mentioned fire, the value of the above mentioned house, plus its contents, was in excess of the amount tendered by Defendant.

13.  Thereafter, Plaintiff timely filed a claim with Defendant, Farm Bureau, pursuant to the fire insurance policy described above, for a number of items, including, but not necessarily limited to, its value and loss of use.

14.  Defendant, Farm Bureau, advised Plaintiff that there was coverage for the fire loss and that Farm Bureau would pay the amount due under the policy.

## COUNT I

15.  Plaintiff incorporates the allegations of Paragraphs 1 through 14 above, as they are

16.  Plaintiff has complied with all policy requirements regarding notice and proof of claim and Defendant has unjustly failed and refused to pay 'Plaintiff all of the benefits owing on the policy. Specifically, Farm Bureau breached its contract of insurance with Plaintiff by :

   A.   Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

   B.   Failing to timely provide sufficient funds for the repairs and replacement of the subject property;

   C.   Failing to pay for sufficient living expenses incurred by Plaintiff after she left the insured residence in the time frame of the relevant insurance contract;

   D.   Failing to promptly adjust and properly pay the policy limits for Plaintiff's total loss of buildings;

2

E.   Failing to provide sufficient funds for the contents contained in the subject property, as per policy provisions; and

F.   Any other acts or omissions to be shown at trial on the merits.

17.   Farm Bureau further breached its contract with Plaintiff and/or acted negligently by the following actions:

A.   Failing to respond to verbal requests and correspondence in a timely manner;

B.   Failing to properly and timely adjust this case consistent with insurance industry standards;

C.   Failing to provide any reasonable basis for denying payment on this claim now years following the incident;

D.   Failing to meet its duty owed to Plaintiff to engage in good faith and fair dealings; and

E.   Any other actions or omissions that will establish bad faith, breach of contract and/or negligence which will be proven at the trial on the merits.

18.   Plaintiff has been injured as a proximate result thereof, in an amount in excess of $25,000.00.

Wherefore, Plaintiff prays the Court for the relief stated after Count V:

## COUNT II

17.   Plaintiff incorporates the allegations of Paragraphs 1 through 18 above, as they are fully set forth herein, paragraph for paragraph and word for word.

18.   Defendant's conduct constitutes an unfair act or practice in or affecting commerce, in violation of North Carolina General Statute § 75 - 1.1.

19.   Plaintiff has been injured as a proximate result thereof, in an amount in excess of $25,000.00.

20.   Therefore, Defendant is liable to Plaintiff for treble damages and for Plaintiff's attorney's fees, pursuant to North Carolina General Statute §§ 75-16 and 75-16.1.

Wherefore, Plaintiff prays the Court for the relief stated after Count V:

3

## COUNT III

21. Plaintiff incorporates the allegations of Paragraphs 1 through 18 above, as they are fully set forth herein, paragraph for paragraph and word for word.

22. Defendant's conduct constitutes an bad faith on the behalf of Defendant insurance carrier, in violation of North Carolina law.

23. Therefore, Defendant is liable to Plaintiff for damages associated with Defendant's bad faith.

24. Plaintiff is entitled to attorney's fees, pursuant to North Carolina law.

    **Wherefore**, Plaintiff prays the Court for the relief stated after Count V:

## COUNT IV

25. Plaintiff incorporates the allegations of Paragraphs 1 through 18 above, as they are fully set forth herein, paragraph for paragraph and word for word.

26. Plaintiff seeks a declaratory judgment for the purposes of determining a question of actual controversy between the parties concerning the parties rights, obligations, and coverages under the subject policy.

27. Plaintiff seeks a declaration that the policy provides insurance coverage for damage to the insured residence, property, and loss of use, in an amount in excess of the amount paid by Defendant.

    **Wherefore**, Plaintiff prays the Court for the relief stated after Count V:

## COUNT V

28. Plaintiff incorporates the allegations of Paragraphs 1 through 18 above, as they are fully set forth herein, paragraph for paragraph and word for word.

29. Farm Bureau entered into the subject contract of insurance with Plaintiff wherein it clearly and expressly agreed to provide insurance coverage for physical loss to property, contents and loss of use proximately and efficiently caused by a fire. Plaintiff in turn paid Farm Bureau substantial premiums in consideration for the agreed upon coverage.

30. Plaintiff has now suffered severe damage to her insured residence and property as a proximate and direct result of a fire and has consequently been denied use of her residence as well.

4

31. Plaintiff performed her end of the bargain and is accordingly now entitled to specific performance of the insurance contract.

32. The Court should therefore require Farm Bureau to specifically perform such agreement.

### Prayer for Relief

Wherefore, Plaintiff prays the Court for the following relief:

(a) That Plaintiff have and recover of Defendant, Farm Bureau, the benefits payable pursuant to the policy, plus interest, costs and attorney's fees;

(b) For a trial by jury of all issues properly so triable; and

(c) That Plaintiff have and recover of Defendant punitive or treble damages, as allowable by law, plus attorney's fees and the costs of this action;

(d) For such other and further relief as the court deems just and proper.

David A. Sawyer
Attorney for the Plaintiff
P. O. Box 1927
Bryson City, NC 28713
828-488-2842

### VERIFICATION

The undersigned hereby certifies that she has read the instant complaint and that it is true to the best of her information, knowledge and belief.

November 16, 2018
hp 2 Call Susan Complaint

5

# **Exhibit 2**

# Order Allowing Addition of Third-Party Defendant U.S. Department of Agriculture, FSA

NORTH CAROLINA

SWAIN COUNTY

SUSAN HYATT CALL,                    )
                                     )
                         Plaintiff,  )
                                     )
            v.                       )
                                     )          **ORDER**
NORTH CAROLINA FARM BUREAU           )
MUTUAL INSURANCE COMPANY, a          )
North Carolina Insurance Company,    )
                                     )
                        Defendant.   )

This matter coming on for hearing on Defendant's Motion to Add the United States Department of Agriculture Farm Service Agency as a named party in this lawsuit at the May 6, 2019 session of Civil Superior Court in Graham County, North Carolina. After hearing the arguments of counsel, the Court is of the opinion that the Motion should be allowed.

**IT IS THEREFORE, ORDERED, ADJUDGED and DECREED**, that the United States Department of Agriculture Farm Service Agency is added as a party to this lawsuit as they are a necessary and/or proper party to the adjudication of all issues in this lawsuit. Specifically, the United States Department of Agriculture Farm Service Agency is a named mortgagee on the Homeowner's insurance policy which is the subject of this lawsuit and it has a direct financial interest in any remaining dwelling proceeds payable under the applicable policy of insurance as it has a valid Deed of Trust on the property that is the subject of this lawsuit. In addition, the United States Department of Agriculture Farm Service Agency is a necessary party to this lawsuit to protect the Defendant, North Carolina Farm Bureau Mutual Insurance Company from possible double liability for any remaining dwelling payments under the applicable policy of insurance which is the subject of the lawsuit. The United States Department of Agriculture Farm Service Agency has no legal interest in any insurance proceeds that may be payable under the personal property coverage or additional

M:\876\1196\L ORDER TO ADD PARTY 1 wpd

living expense coverage. The legal interest of the United States Department of Agriculture Farm Service Agency is limited only to any additional insurance proceeds paid and/or payable under the dwelling coverage of the applicable policy of insurance.

THEREFORE, IT IS ORDERED, ADJUDGED and DECREED, Defendant, North Carolina Farm Bureau Mutual Insurance Company, has thirty (30) days from the date this signed Order is filed with the Clerk of Court in Swain County in which to file a third-party complaint against the United States Department of Agriculture Farm Service Agency and also have summonses issued to make service of process on the United States Department of Agriculture Farm Service Agency. It is further **ORDERED** that the caption of this lawsuit will be changed to reflect that the United States Department of Agriculture Farm Service Agency is a third-party defendant when third-party complaint is filed.

This the __16__ day of May, 2019.

_____
HONORABLE NATHANIEL POOVEY
Presiding Superior Court Judge

2

M:\A7\011960L ORDER TO ADD PARTY 1.wpd

# **Exhibit 3**

# Deed of Trust

FILED
SWAIN COUNTY NC
DIANA WILLIAMSON KIRKLAND
REGISTER OF DEEDS

| FILED | Sep 16, 2015 |
| AT | 12:01:14 pm |
| BOOK | 00433 |
| START PAGE | 0273 |
| END PAGE | 0282 |
| INSTRUMENT # | 01397 |

EXCISE TAX     (None)

Mail after recording to    Mitchell-Yancey FSA Office, 11943 South 226 Hwy, Spruce Pine, NC 28777

This instrument was prepared by    Amelia C. Shoupe

*Position 5*

Form Approved – OMB No. 0560-0237
*(See Page 6 for Privacy Act and Public Burden Statements.)*

**FSA-2029 NC**
(10-20-08)

## UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

### REAL ESTATE DEED OF TRUST FOR NORTH CAROLINA

THIS DEED OF TRUST ("instrument") is made on    September 16    , 20  15  . The grantor is _____
Susan Hyatt Call
("Borrower") whose mailing address is    1211 Fontana Rd, Bryson City, NC 28713
The trustee is    Charles M. Huskey                        , whose mailing address is _____
Raleigh, NC                            . The beneficiary is the United States of America, acting through the Farm Service Agency,
United States Department of Agriculture ("Government") located at   Wake County

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively
called "note") which have been executed or assumed by Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 09/16/2015 | $93,000.00 | 02.625 % | 03/16/2017 |
| 09/16/2015 | $175,716.30 | 02.375 % | 09/16/2030 |
| 09/16/2015 | $29,959.13 | 02.375 % | 09/16/2030 |
| 09/16/2015 | $310,619.87 | 03.125 % | 09/16/2030 |
| 09/16/2015 | $155,663.53 | 03.125 % | 09/16/2030 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be
increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above
note.

Initial _SC_  date, _9-16-15_                    FSA-2029 NC (10-20-08) *Page 1 of 7*

A. Shoupe

0433

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et. seq. as evidenced by the note, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property situated in the State of North Carolina, County or Counties of _____Swain_____

(See attached Exhibit A for legal description)

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, allotments, quotas and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the property and that the property is unencumbered except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform trust deed covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

Initial _SC_ date _9-16-15_

FSA-2029 NC (10-20-08) *Page 2 of 7*

0433
0275

Insurance. Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement of or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying of the property.

9. **Authorized purposes.** Borrower shall use the loan solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not: (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous subsStance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may: (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

Initial _SC_ date _9-16-15_

FSA-2029 NC (10-20-08) *Page 3 of 7*

0433
0276

Forfeiture. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so: (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail, unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of the Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) authorize and request Trustee to foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

Initial _SC_ date _9-16-15_

0433
0277

28. **Foreclosure.** At the request of the Government, Trustee may foreclose this instrument by advertisement and sale of the property as provided by law, for cash or secured credit at the option of the Government, notice of such sale to be served on Borrower by registered or certified mail, return receipt requested, no less than ten days prior to the date of the hearing as required by NCGSA § 45-21.16 (or as otherwise permitted by law); such sale may be adjourned from time to time without other notice than oral proclamation at the time and place appointed for such sale; and at such sale the Government and its agents may bid and purchase as a stranger; Trustee at Trustee's option may conduct such sale without being personally present through Trustee's delegate authorized by Trustee for such purpose orally or in writing, and Trustee's execution of a conveyance of the property or any part thereof to any purchaser at foreclosure sale shall be conclusive evidence that the sale was conducted by Trustee personally or through Trustee's delegate duly authorized in accordance herewith.

29. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

30. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

31. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

32. **Substitute trustee.** The Government and its assigns, without notice and without specifying any reason therefore, may appoint a substitute trustee by filing for record in the office where this instrument is recorded an instrument of appointment. The substitute trustee may or may not be an employee of the Government. Upon such filing, all the estates, rights, powers, and trusts granted to Trustee shall transfer to the substitute trustee. Any right to notice of substitution and bond from any trustee are hereby waived.

Initial _Se_ date _9-16-15_

FSA-2029 NC (10-20-08) *Page 5 of 7*

Case 1:19-cv-00229-MR-WCM   Document 1-1   Filed 07/26/19   Page 25 of 35

0433
0278

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

Seal

*Susan Hyatt Call*
Susan Hyatt Call

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of this request or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Initials *SC* date 9-16-15

FSA-2029 NC (10-20-08) *Page 6 of 7*

0433
0279

(Individual)

STATE OF NORTH CAROLINA

} ss.

COUNTY OF    Avery

On this   16th   day of   September, 2015   , before me personally appeared _____ to be known to me to be the same person(s) whose name is subscribed to the Susan Hyatt Call _____ foregoing instrument, and acknowledged that (he or she) signed and delivered the instruments as (his or her) free and voluntary act, for the uses and purposes set forth. WITNESS my hand and official seal.

My commission expires:

05/02/2018

Amelia C. Shoupe

Amelia C. Shoupe   NOTARY PUBLIC

The foregoing certificate(s) _____ is (are) certified to be correct. This instrument was presented for registration this day and hour and duly recorded in the Office of the Register of Deeds of _____ County, N.C. in Book _____ Page _____

This _____ day of _____ , A.D., _____ at _____ o'clock _____ .M.

By _____
Deputy/Assistant Register of Deeds

_____
Register of Deeds

Initial *AC* date *9-16-15*

## EXHIBIT A

This exhibit is the legal description to a deed of trust from Call for USA and consists of two tracts.

Tract One

Tract One is in the Charleston Township, Swain County, North Carolina, and is all of the property described in a deed from James Barry Coggins and Collette P. Coggins to Anne E. Williams, dated July 7, 2006, and recorded in the Swain County Registry in Book 330, page 1041; and being the same property described in a deed from David A. Simpson, PC to Astoria Federal Mortgage Corp., dated December 14, 2011, and recorded in the Swain County Registry in Book 398, page 303; and being the same property described in a deed from Randolph G. Perkins and Laurie M. Perkins to Susan H. Call, dated June 5, 2013, and recorded in the Swain County Registry in Book 412, page 867. The property is conveyed to the trustee subject to and benefited by the easements set forth in the referenced deeds.

The property is more particularly described from the referenced deeds as follows:

BEGINNING on a point in the center line of NCSR 1364, corner common to M. C. Davis, now or formerly (DR 86/122) and B. H. Ogle, now or formerly (DR 106/77 & 163/234). And from the point of beginning, leaving road and with Ogle, S 60-1 7-36 W 51 .12 feet to an existing iron found; and S 60-1 7-36 W 302.04 feet to an existing iron found, top of ridge Then leaving Ogle and with R. Smith, now or formerly (DR 206/670), and W. Battle, now or formerly (DR 88/125) and with the top of the ridge, N 33-25-13 W 60.68 feet to an existing iron found; N 89-07-04 W 100 feet to an existing iron found; N 35-27-49 W 130.29 feet to an existing iron found; N 28-42023 W 176 feet to an existing iron found (said existing iron found being located S 22-05-09 W 1 00 feet from an existing iron found). Then leaving top of ridge and running, N 75-05-57 E 137.74 feet to an existing iron found along the southwest margin of 15 foot right of way for paved road; thence with margin of right of way and line of T. A. Dills, now or formerly (DR 221 /737) the following courses and distances:
-S 14-48-45 E 18.17 feet
-S 1 8-58-45 E 19.68 feet
-S 23-51-17 E 1 9.15 feet
-S 29-07-10 E 16.41 feet
-S 33-57-39 E 9.62 feet
-S 43-34-46 E 12.70 feet
-S 55-29-29 E 13.64 feet
-S 67-14-09 E 14.03 feet
-S 83-44-56 E 11.87 feet
-N 85-56-39 E 12.54 feet
-N 72-49-10 E 13.15 feet
-N 65-57-16 E 12.78 feet
-N 58-27-52 E 15.49 feet
-N 50-39-44 E 14.17 feet
-N 42-37-22 E 10.94 feet
-N 38- 1 9-1 7 E 1 1.18 feet
-N 26-34-40 E 14.09 feet
-N 14-01-29 E 25.22 feet
-N 02-38-35 E 29.39 feet

-N 07-53-52 E 45.76 feet
-N 05-28-53 E 23.51 feet
-N 08-34-03 W 17.94 feet
-N 26-15-06 W 63.77 feet
-N 14-12-29 W 42.08 feet
-N 01-33-20 W 23.09 feet
-N 1 0-27-47 E 26.96 feet
-N 12-02-1 0 E 28.84 feet
-N 09-01-00 E 65.96 feet
-N 09-00-56 E 29.76 feet
-N 11 -50-08 E 32.99 feet
-N 1 7-04-31 E 22.27 feet
-N 28-34-30 E 16.66 feet
-N 42-07-42 E 13.35 feet
-N 59-56-20 E 12.30 feet
-N 72-56-59 E 12.78 feet
-S 78-06-31 E 7.71 feet
-S 53-01-30 E 7.96 feet
-S 38-00-56 E 26.09 feet to a point in the center line of NCSR 1364. Then leaving the 15 foot
right of way for paved access road and the line of T. A. Dills, and with the center line of NSCR
1364 and the line of F. T. Seay, Jr. now or formerly (DR 143/260 PC 2 Slide 619-A)
-S 00-43-12 E 31.72 feet to a point;
-S 05-23-59 E 63.15 feet to a point;
-S 08-35-55 E 64.16 feet to a point;
-S 11-58-05 E 65.82 feet to a point;
-S 15-52-02 E 63.39 feet to a point;
-S 20-19-43 E 77.45 feet to a point;
-S 24-36-07 E 57.24 feet to a point;
-S 28-03-54 E 50.89 feet to a point;
-S 31-07-15 E 56.08 feet to a point;
-S 34-50-30 E 69.22 feet to a point; and
-S 39-00-40 E 56.40 feet to the POINT OF BEGINNING containing 4.05 acres by
coordinate computation per survey by Tuckasegee Surveying dated August 1999 entitled
"James Barry and Collette P. Coggins" drawing number CI-R 1 O-D67,3-1 0,000 FB 26,FB-37.

Being a portion of the lands described in Book 182 Page 269, Swain County Registry.

This conveyance is MADE AND GIVEN SUBJECT TO the right of way for NCSR
1364 to its full legal width and as shown on the above referenced survey.

There is further conveyed a non-exclusive and permanent right and easement unto the water
meter and water lines located on the lands of Gerald G. McKinney, now or formerly, as
described in the Water Rights Agreement recorded in Book 221 Page 735, Swain County
Registry, subject to the maintenance costs and provisions contained therein.

Tract One is conveyed together with and subject to a non-exclusive and appurtenant right of
way for paved road, fifteen feet in width, over and across the access road located along the
western and northern margin of the lands herein conveyed, as shown on the above referenced
plat, TOGETHER WITH full rights of ingress and egress where said road is located and for
the purposes of inspecting and maintaining said road and road right of way, with the costs of

maintenance of same to be shared on a pro rata basis with all having the legal right to the use of same, as described in, and excepted and reserved in the deed from Thomas Anderson Dills and wife, Kelly Dills, said deed being recorded in Book 221 Page 737, Swain County Registry.

Tract One is conveyed subject to a deed of trust recorded in the Swain County Registry in Book 412, page 871.

Tract Two

Tract Two is in the Qualla Township, Jackson County, NC, and is all of the property described in a deed from Jonathan Mark Holcombe to Susan H. Call, dated August 24, 2011, containing 5.11 acres more or less, and recorded in the Jackson County Registry in Book 1906, page 191.

Tract Two is more particularly shown and described on as Tract A on a plat by Ron Huff, PLS, dated May7, 2009, and recorded in the Jackson County Registry in Plat Cabinet 19, Slide 146 ("Survey"), and being the most western tract shown on the Survey.

Tract Two is conveyed subject to and benefited by the easement for ingress and egress recorded in the Jackson County Registry in Book 1906, page 191.

# **Exhibit 4**

# Declarations Page of Subject N.C. Farm Bureau Policy

HP 6132231       1531       COT URANCE CONTRACT

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY   PART B DECLARATION PAGE
P.O. BOX 27427 RALEIGH, NORTH CAROLINA 27611-7427
HOMEOWNERS POLICY
AMENDED DECLARATION 01 * * EFFECTIVE 06/27/16

REASON FOR AMENDMENT CHANGE LIMITS

| POLICY NUMBER | POLICY PERIOD<br>FROM | TO | MEMBERSHIP NO. | | AGENT CODE |
|---|---|---|---|---|---|
| HP 6132231 | 05/31/16 | 05/31/17 | 1478456 | HO DECL 0913 | 0874667 |

NAMED INSURED AND ADDRESS         AGENT

SUSAN HYATT CALL
1211 FONTANA RD
BRYSON CITY, NC   28713-6948

ROBERT D RANDALL
TELE: (828) 488-3780
PO BOX 1004
BRYSON CITY, NC 28713

TOTAL ANNUAL PREMIUM - - - - - - - - - - - - -   $1,699

THE PREMISES COVERED BY THIS POLICY IS LOCATED
   1211 FONTANA RD BRYSON CITY NC 28713 SWAIN CNTY.

RATING INFORMATION- AUTOMATIC VALUE-UP AT RENEWAL, FRAME, CONSTRUCTED IN 1999,
   PRIMARY RESIDENCE, FIRE PROTECTION - TUCKASEGEE FD, PROTECTION CLASS 5,
   ANNUAL INCREASE IN SECTION I COVERAGES IS 3.0%, TERRITORY 380,
   HYDRANT WITHIN 1000 FEET, $2500 SECTION I LOSS DEDUCTIBLE, 1 FAMILY.

COVERAGE AT THE ABOVE DESCRIBED LOCATION IS PROVIDED ONLY WHERE A LIMIT OF
LIABILITY IS SHOWN OR A PREMIUM IS STATED

| SECTION I COVERAGE | LIMIT OF LIABILITY | PREMIUMS |
|---|---|---|
| A. DWELLING | $738,000 | $2,217 |
| B. OTHER STRUCTURES | $73,800 | |
| C. PERSONAL PROPERTY | $516,600 | $221 |
| D. LOSS OF USE | $147,600 | |

SECTION II COVERAGE
  E. PERSONAL LIABILITY      $1,000,000 EACH OCCURRENCE
  F. MEDICAL PAY. TO OTHERS -     $1,000 EACH PERSON       $16
             BASIC PREMIUM - - - - - - - - - - - - -   $2,454

ADDITIONAL PREMIUMS
  SPECIFIED ADD'L AMOUNT OF INSURANCE-COV A ONLY,   HO-3220    $44
  PERSONAL PROPERTY REPLACEMENT COST, HO-0490          $122
  CREDIT FOR PROTECTIVE DEVICES, HO-0416             $24CR
  OPTIONAL DEDUCTIBLE                       $665CR
  CAROLINA PARTNER PLUS DISCOUNT              $232CR
             ADDITIONAL PREMIUMS - - - - - - - - - - - - -   $755CR
            TOTAL ANNUAL PREMIUM - - - - - - - - - - - -   $1,699

THIS IS NOT A BILL. THE CHARGE OF    $21.00
WILL BE REFLECTED ON YOUR NEXT INSTALLMENT(S)

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY   PART B DECLARATION PAGE
P.O. BOX 27427 RALEIGH, NORTH CAROLINA 27611-7427        HOMEOWNERS POLICY
AMENDED DECLARATION 01 * * EFFECTIVE 06/27/16

REASON FOR AMENDMENT CHANGE LIMITS

| POLICY NUMBER | POLICY PERIOD FROM | TO | MEMBERSHIP NO. | | AGENT CODE |
|---|---|---|---|---|---|
| HP  6132231 | 05/31/16 | 05/31/17 | 1478456 | HO DECL 0913 | 0874667 |

NAMED INSURED AND ADDRESS

SUSAN HYATT CALL
1211 FONTANA RD
BRYSON CITY, NC  28713-6948

AGENT

ROBERT D RANDALL
TELE: (828) 488-3780
PO BOX 1004
BRYSON CITY, NC 28713

THIS PREMIUM REFLECTS A DISCOUNT FOR AUTO COVERAGE WITH FARM BUREAU.

PREV PREMIUM    $1,676    CHANGE    $23        CHANGE IN PREMIUM    $21

FIRST MORTGAGEE -                    SECOND MORTGAGEE -
RANDOLF G PERKINS                    FARM SERVICE AGENCY
455 JAKES GAP RD                     189 THOMAS HEIGHTS RD
BRYSON CITY, NC  28713-8028          FRANKLIN, NC  28734-9799

FORMS AND ENDORSEMENTS - HO-0003 05/11, HO-3232 06/12, HO-NC 08/13,
  HO-P032 06/12, HO-3246 05/03, HO-QR 08/13, HO-3220 06/12, HO-0416 10/00,
  HO-0490 05/11.

OTHER POLICIES FOR MEMBERSHIP NUMBER 1478456:

POLICY          INSURED NAME

AP  4655303 SUSAN HYATT CALL
IM  9720144 SUSAN HYATT CALL

*L M Squires*  08/08/16
AUTHORIZED REPRESENTATIVE    DATE

HP  6132231            1533            CO  SURANCE CONTRACT

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY   PART B DECLARATION PAGE
P.O. BOX 27427 RALEIGH, NORTH CAROLINA 27611-7427        HOMEOWNERS POLICY
AMENDED DECLARATION 01 * * EFFECTIVE 06/27/16


REASON FOR AMENDMENT CHANGE LIMITS

| POLICY NUMBER | POLICY PERIOD FROM | TO | MEMBERSHIP NO. | | AGENT CODE |
|---|---|---|---|---|---|
| HP  6132231 | 05/31/16 | 05/31/17 | 1478456 | HO DECL 0913 | 0874667 |

| NAMED INSURED AND ADDRESS | AGENT |
|---|---|
| SUSAN HYATT CALL<br>1211 FONTANA RD<br>BRYSON CITY, NC  28713-6948 | ROBERT D RANDALL<br>TELE: (828) 488-3780<br>PO BOX 1004<br>BRYSON CITY, NC 28713 |

DESCRIPTION OF ADDITIONAL COVERAGES

  SPECIFIED ADD'L AMOUNT OF INSURANCE FOR COV A ONLY
   PERCENTAGE IS 25.

  PROTECTIVE DEVICES
   AUTOMATIC SMOKE DETECTORS.

  PERSONAL PROPERTY REPLACEMENT COST

# Brown, Crump, Vanore & Tierney, L.L.P.

ATTORNEYS AT LAW
ONE CITY PLAZA
421 FAYETTEVILLE STREET, SUITE 1601
RALEIGH, NORTH CAROLINA 27601
TELEPHONE: (919) 835-0909

R. SCOTT BROWN
DEREK M. CRUMP
ANDREW A. VANORE, III
O. CRAIG TIERNEY, JR. *
MICHAEL W. WASHBURN
W. JOHN CATHCART, JR.
JONATHAN W. MARTIN

MAILING ADDRESS:
P.O. BOX 1729
RALEIGH, NC 27602-1729

DIRECT DIAL: (919) 890-4483
FACSIMILE: (919) 835-0915
www.bcvtlaw.com
scottbrown@bcvtlaw.com

*NCDRC Certified Mediator

June 25, 2019

***Via Certified Mail***
U.S. Attorney for the Western District of N.C.
U.S. Attorney's Office
100 Otis Street
Asheville, NC 28801

Re:     *Susan Hyatt Call v. North Carolina Farm Bureau Mutual Insurance*
        *Company v. U.S. Department of Agriculture, Farm Service Agency (FSA)*
        Civil Action No.: 18 CVS 322 (Swain)
        Our File No.: 876-1196

To Whom It May Concern:

Please see the enclosed Third Party Complaint and Civil Summons for the above referenced matter.

Should you have any questions, please do not hesitate to contact me.  I am,

Sincerely yours,

Jonathan W. Martin

Enclosure - (1) Third Party Complaint and (2) Summons

RECEIVED
JUN 27 2019
U.S. Attorney's Office
Asheville, NC

M:\876\1196\JWM.USAtty.Third Party Complaint.wpd