THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:19-cv-229

| | |
|---|---|
| SUSAN HYATT CALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTH CAROLINA FARM BUREAU | ) |
| MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, FARM SERVICE | ) |
| AGENCY (FSA), | ) |
| | ) |
| Third-Party Defendant. | ) |

**ANSWER OF THIRD-PARTY DEFENDANT
UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY**

COMES NOW Third-Party Defendant United States Department of Agriculture, Farm Service Agency ("FSA"), by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and respectfully submits this Answer in response to the Third-Party Complaint (the "Interpleader Complaint") filed by Defendant/Third-Party Plaintiff North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau Insurance"), and responds as follows:

**PRELIMINARY STATEMENT**

As to FSA, this is an interpleader action in which FSA is a defendant claiming entitlement to the interpleader stake of roughly $441,000.00. Procedurally, the case originally commenced in

1

Swain County Superior Court when Plaintiff Susan Hyatt Call ("Call") filed a complaint against Farm Bureau Insurance, generally alleging that she was entitled to insurance proceeds on the dwelling coverage of a homeowner's insurance policy. *See* Doc. 1, Exhibit A at 12. Thereafter, Farm Bureau Insurance filed the Interpleader Complaint against FSA, generally alleging FSA is listed on the applicable insurance policy as a named mortgagee and therefore has a direct legal interest in the insurance proceeds payable on the dwelling coverage. FSA does, and is entitled to the entirety of the funds discussed in the Third-Party Complaint—an issue which this Court may determine pursuant to Federal Rule of Civil Procedure 22.[1]

FSA timely removed the case to this Court prior to filing an answer in the underlying state court action, and thus files this Answer to the Interpleader Complaint within the time-period granted by the Court. *See* Doc. 3.

## RESPONSE TO NUMBERED ALELGATIONS

### NATURE OF THE ACTION[2]

1. FSA admits that Plaintiff Call has filed a complaint against Farm Bureau Insurance, a document in writing that speaks for itself and FSA denies any characterization inconsistent therewith.

2. The allegations in paragraph 2 of the Interpleader Complaint reference documents in writing that speak for themselves, namely Call's Complaint and the applicable insurance policy at issue in this case, and FSA denies any characterization inconsistent therewith. FSA further admits that it has a legal interest in, and is entitled to, the insurance proceeds that comprise the interpleader stake in this action.

---

[1] While it appears that the dispute between Call and Farm Bureau Insurance may involve additional claims outside those of an interpleader nature, the only claims asserted against FSA are those contained in the Interpleader Complaint and relate solely to FSA's entitlement to the interpleader stake—*i.e.* the insurance proceeds on the dwelling coverage.

[2] Headings from the Interpleader Complaint are incorporated herein for organizational purposes only.

3. FSA admits that Farm Bureau Insurance filed the response to Plaintiff's complaint referenced in paragraph 3, a document in writing that speaks for itself and FSA denies any characterization inconsistent therewith.

4. FSA admits that Farm Bureau Insurance was granted leave by the Swain County Superior Court to file a Third Party Complaint against FSA, and the referenced state court order is a document in writing that speaks for itself and FSA denies any characterization inconsistent therewith.

## THE PARTIES

5. FSA is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 5.

6. FSA is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 6.

7. FSA admits the allegations in paragraph 7.

8. To the extent paragraph 8 references the Deed of Trust attached as Exhibit 3 to the Interpleader Complaint, Defendant admits that it has a deed of trust on the property at 1211 Fontana Road, Bryson City, North Carolina, that the Deed of Trust is a document in writing that speaks for itself, and FSA denies any characterization inconsistent therewith. The remaining allegations in paragraph 8 are legal conclusions to which no answer is required.

9. FSA admits the allegations in Paragraph 9, but to the extent they reference documents in writing that speak for themselves, FSA denies any characterization inconsistent therewith.

## FACTS

10. FSA re-alleges and incorporates herein by reference its responses to the allegations in paragraphs 1-9 as if set forth in full.

11. FSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. However, by way of further response, FSA asserts that it is entitled to proceeds of the subject insurance policy and this action appears to be an interpleader action that would be proper under Federal Rule of Civil Procedure 22.

12. FSA admits the allegations in Paragraph 12, but to the extent paragraph 12 references a document in writing, such document speaks for itself and FSA denies any characterization inconsistent therewith.

13. FSA admits the allegations in Paragraph 13, but to the extent paragraph 13 references a document in writing, such document speaks for itself and FSA denies any characterization inconsistent therewith.

14. FSA admits the allegations in Paragraph 14.

15. FSA admits that it is entitled to the approximately $160,000.00 amount referenced in paragraph 15. As to the remaining allegations, FSA is currently without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 15.

16. FSA admits that it is entitled to the approximately $160,000.00 and approximately $281,000.00 amounts referenced in Paragraph 16. If Plaintiff Call currently claims entitlement to these funds, then a dispute exists as to their distribution. As to the remaining allegations, FSA is currently without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 16.

17. FSA admits the allegations in Paragraph 17.

18. FSA is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 18.

## FIRST CAUSE OF ACTION

19. FSA re-alleges and incorporates herein by reference its responses to the allegations in paragraphs 1-18 as if set forth in full.

20. FSA admits that it is entitled to the referenced insurance proceeds payable under insurance policy HP #6132231.

21. FSA admits that it is entitled to the approximately $281,000.00 of dwelling proceeds referenced in paragraph 21 and admits that FSA should be included on any additional payment under policy HP #6132231. FSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 contain a legal conclusion to which no answer is required.

23. The allegations in Paragraph 23 contain a legal conclusion to which no answer is required.

24. The allegations in Paragraph 24 contain a legal conclusion to which no answer is required. However, FSA does not contest that this Court may properly adjudicate the entitlement to any dwelling payments under the insurance policy at issue pursuant to Federal Rule of Civil Procedure 22.

The remainder of the Interpleader Complaint is a prayer for relief for which no answer is required.

## **FIRST AFFIRMATIVE DEFENSE**

Defendant/Third-Party Plaintiff Farm Bureau Insurance is not entitled to fees or costs as its interpleader claim arises out of its normal course of its business.

**\*\*\***

WHEREFORE, Third-Party Defendant United States Department of Agriculture, Farm Service Agency claims it is entitled to funds at issue in the Third-Party Complaint filed by Defendant/Third-Party Plaintiff North Carolina Farm Bureau Mutual Insurance Company—specifically, the approximately $441,000.00 in dwelling funds under the insurance policy—and respectfully prays the Court enter judgment in its favor for that amount, and for such other and further relief as this Court deems just and proper.

This the 29th day of August, 2019.

        Respectfully submitted,

        R. ANDREW MURRAY
        UNITED STATES ATTORNEY

        /s/ Seth Johnson
        J. Seth Johnson
        NC Bar No. 53217
        Assistant United States Attorney
        Suite 1650, Carillon Building
        227 West Trade Street
        Charlotte, North Carolina 28202
        Telephone: (704) 338-3159
        Email: seth.johnson@usdoj.gov