THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00229-MR

| | |
|---|---|
| SUSAN HYATT CALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTH CAROLINA FARM BUREAU ) <br> MUTUAL INSURANCE COMPANY, ) <br> ) <br> Defendant/ Third-Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> AGRICULTURE FARM SERVICE ) <br> AGENCY (FSA), ) <br> ) <br> Third-Party Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's Submission in Response to Order to Show Cause [Doc. 19] and Defendant/Third-Party Plaintiff North Carolina Farm Bureau Mutual Insurance Company Inc.'s Memorandum of Law in Response to Request to Show Cause [Doc. 20] following the Court's Order to Show Cause. [Doc. 18].

**I.     BACKGROUND**

In November, 2018, the Plaintiff Susan Call ("Plaintiff") filed this action in Superior Court of Swain County, North Carolina, against the Defendant North Carolina Farm Bureau Mutual Insurance Company (NC Farm Bureau), following a fire in the Plaintiff's dwelling and alleging she is entitled to additional insurance proceeds from her homeowners' insurance policy. [Doc. 1-1 at 12-16]. In June 2019, NC Farm Bureau added the United States Department of Agriculture Farm Service Agency (FSA) ("United States") as a third-party defendant to the action. [Id. at 4-10]. The United States was added as a party because FSA had an interest in the underlying insurance proceeds as a named mortgagee. [Doc. 1 at 2-3]. The United States made a limited appearance and removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444 on July 26, 2019. [Doc. 1]. On July 23, 2020, the Defendant NC Farm Bureau filed a Motion for Partial Summary Judgment against the Plaintiff. [Doc. 14].

On August 3, 2020, the parties filed a Stipulation of Dismissal dismissing the Third-Party Complaint against the United States with prejudice. [Doc. 16]. After reviewing the Stipulation, this Court ordered the parties to show cause as to whether the Court should remand this case to

2

state court. [Doc. 18]. Each party filed a memorandum in response. [Doc. 19; Doc. 20].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). As courts of limited jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (citations omitted). When there is subject-matter jurisdiction over one claim in a case, the district court may exercise supplemental jurisdiction over claims that are so related as to "form part of the same case or controversy." 28 U.S.C. § 1367(a).

## III. DISCUSSION

If all federal claims that were the basis for subject matter jurisdiction have been dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim. . . [if] the district court has dismissed all claims over which it has original jurisdiction."). The Court has wide discretion in deciding whether to retain jurisdiction over the remaining state claims. Shanaghan v. Cahill, 58 F.3d

106, 110 (4th Cir. 1995). In making the determination, the Court should consider the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id.

Federal subject matter jurisdiction in this case derived from the addition of the United States as a party under 28 U.S.C. § 1442(a)(1). The United States is no longer a party to the action after the filing of the Stipulation of Dismissal with Prejudice. [Doc 16]; Fed. R. Civ. P. 41(a)(1)(ii). As the party that gave rise to federal subject matter judication has been dismissed the Court has the discretion to either adjudicate the remaining claims or remand the claims to state court. See Wood v. Crane Co., 764 F.3d 316, 320-22, 320 n.4 (4th Cir. 2014) (noting that although the court could have exercised jurisdiction over a case removed under § 1442(a) the case was properly remanded when the claim that was the basis of removal was severed); Hoke v. USDA Rural Development Rural Housing Services, No. 1:20-cv-00065, 2020 WL 5096996, at *3 (S.D. W. Va. Aug. 28, 2020) ("[F]ollowing dismissal with prejudice of defendant United States, the court hereby finds that it now lacks subject matter jurisdiction to hear the remaining claims in this case. . . the court's basis for federal jurisdiction under 28 U.S.C. § 1442(a)(1) no longer exist[s]."); See also District of Columbia v. Merit Systems Protection

Bd., 762 F.2d 129, 132-33 (D.C. Cir. 1985); IMFC Professional Servs. of Florida, Inc. v. Latin Am. Home Health, 676 F.2d 152, 160 (5th Cir. 1982).

The Supreme Court has found that in cases in which "the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); See also Waybright v. Frederick County, MD, 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal questions gone, there may be the authority to keep [the case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."). In the "usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon Univ., 484 U.S. at 350 n.7.

The remaining claims between the Plaintiff and the Defendant North Carolina Farm Bureau, are ones of state law between nondiverse parties. The Plaintiff is a North Carolina resident and the Defendant is a North Carolina insurance company. [Doc. 1-1 at 5]. The underlying claims are based on a "standard mortgagee clause contained in every Homeowner's

5

Case 1:19-cv-00229-MR-WCM    Document 21    Filed 09/04/20    Page 5 of 8

policy in North Carolina." [Doc. 20 at 2]. The Plaintiff's complaint only contained state law claims and the case only arrived in this Court after adding the third-party defendant. Although supplemental jurisdiction is still available, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law." In re Conklin, 946 F.2d 306, 322 (4th Cir. 1991); See also Thomas-Fish v. Ford Motor Co., No. 16-cv-00496-GLR, 2017 WL 11451237, at *3 (noting that "states have a strong interest in adjudicating issues of state law in their own courts") (emphasis in original) (quotations omitted).

The Defendant North Carolina Farm Bureau argues that under Fourth Circuit case law this Court does not have discretion to remand the remaining state law claims citing Jamison v. Wiley, 14 F.3d 222 (4th Cir. 1994), and Mangold v. Analytic Services, Inc., 77 F.3d 1442 (4th Cir. 1996). [Doc. 20 at 11]. This Court disagrees. Both Jamison and Mangold presented circumstances very different from the present case. In both of those cases a state court defendant removed the case to federal court under § 1442(a) because the defendant had a colorable right to claim that the United States should stand in the stead of that defendant (i.e., that the defendant was a

"United States surrogate").[1] In both cases, the Fourth Circuit held that the district court had no discretion to remand the case so long as the *claim* against the United States or the original *defendant* (i.e. the "United States surrogate") remained in the case. It held that this continued to be true even if the district court rejected the would-be surrogate's argument that the United States should be substituted. This protects the defendant in the event that a district court erroneously disallows the substitution of the United States for the erstwhile surrogate by ensuring that such defendant can appeal to the *federal* court of appeals. In the present case, there was no "surrogate." Instead, there was a state insurance defendant and the United States as a third-party defendant. There was never an argument being made that the United States could stand in the shoes of any party. Moreover, the United States is no longer a party, and the claim that involved the United States is no longer a part of this suit. Therefore, Jamison and Mangold are inapplicable. Neither element that require the retention of jurisdiction as set forth in those cases remains. The entire basis for federal jurisdiction having

---

[1] In Mangold there was a second defendant who was also a "United States surrogate" and it was this other defendant who acted to remove. Nonetheless, so long as any party defendant who *could* have claimed the right for the United States to be substituted in their place remained a party defendant in the case, § 1442(a) jurisdiction remained.

been invoked under §1442(a) in the first place has been eliminated. Thus, the Court has the discretion to remand this matter and choses to do so.

## IV. CONCLUSION

Because this case is at the early stages and has not yet gone to trial, and because the only claims originally in this case were state law claims and the only remaining claims are state law claims, the Court finds no overriding interest in the fairness to the parties, judicial economy, or convivence in continuing to exercise jurisdiction. North Carolina has an interest in applying its own laws and litigating the issues in their own courts. Therefore, the Court declines to continue to exercise supplemental jurisdiction over the remaining claim and will remand the case to the state court from whence it was removed.

## ORDER

**IT IS, THEREFORE, ORDERED,** that this matter is **REMANDED** to the Superior Court for Swain County, North Carolina.

**IT IS SO ORDERED.**

Signed: September 4, 2020

Martin Reidinger
Chief United States District Judge